UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Charles W. McHan**, # 39523-080, | ) C/A No. 0:05-2678-HFF-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| **United States of America**, | ) |
| Respondent. | ) |

### *Background of this Case*

The petitioner, who is a federal inmate at FCI-Estill, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 or, in the alternative, a petition for writ of error *coram nobis*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland</u>

1



House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 2241 petition, which actually raises claims under 28 U.S.C. § 2255, is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

## Discussion

Petitioner is serving a sentence of two hundred six (206) months for drug-related convictions (including a conviction for engaging in a continuing criminal enterprise) entered in the United States District Court for the Western District of North Carolina (Criminal No. 2:90CR41-V). The petitioner had earlier been convicted, pursuant to a guilty plea, of conspiracy with intent to possess 200 pounds of marijuana in Criminal No. B-CR-88-66 (W.D.N.C.), and was serving a fifty-six (56) month sentence when the original indictment in Criminal No. 2:90CR41-V was issued on March 6, 1990. *See* Exhibit 1, which is appended to the petition.

The petitioner pled guilty to Counts 2-7 of the Superseding Indictment in Criminal No. 2:90CR41-V, but went to trial on the remaining counts and was convicted on all remaining counts, except for the forfeiture counts. The petitioner was originally sentenced to one hundred fifty (150) months. This 150-month sentence was entered pursuant to a downward departure, which took into account the fifty-six month sentence petitioner was serving for his conviction in Criminal No. B-CR-88-66. Both the petitioner and the United States filed appeals



in Criminal No. 2:90CR41-V.  On January 29, 1996, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's convictions, but remanded the case for resentencing because, *inter alia*, the downward departure to take into account the prior conviction in Criminal No. B-CR-88-66 was error.  United States v. McHan, 101 F.3d 1027, 1996 U.S. App. LEXIS® 31088 (4th Cir. 1996), *cert. denied*, McHan v. United States, 520 U.S. 1281, 138 L.Ed.2d 223, 117 S.Ct. 2468, 1997 U.S. LEXIS® 3837 (1997).[2]

The petitioner next filed a Section 2255 action on April 13, 1998.  The district court in North Carolina granted summary judgment to the United States, and the United States Court of Appeals for the Fourth Circuit dismissed petitioner's subsequent appeal.  United States v. McHan, 14 Fed.Appx. 297, 2001 U.S. App. LEXIS® 17283 (4th Cir., August 1, 2001), *cert. denied*, McHan v. United States, 535 U.S. 1027, 152 L.Ed.2d 638, 122 S.Ct. 1628, 2002 U.S. LEXIS® 2996 (2002).

---

[2]The petitioner's prior interlocutory appeal in Criminal No. 2:90CR41-V (on Double Jeopardy grounds) was not successful.  United States v. McHan, 966 F.2d 134, 1992 U.S. App. LEXIS® 9032 (4th Cir., June 1, 1992).  A search on WESTLAW® and LEXIS® also revealed that the Court of Appeals has addressed forfeiture matters involving the petitioner in four separate decisions from 1991 to 2001.  The petitioner was successful on one forfeiture matter but received an adverse decision in another forfeiture matter.  *Compare* United States v. McHan, 345 F.3d 262, 2003 U.S. App. LEXIS® 19990 (4th Cir. 2003), *with* United States v. 35 Acres, More or Less, in Cherokee County, North Carolina, 1991 U.S. App. LEXIS® 18705, 1991 WESTLAW® 154348, 940 F.2d 654 (4th Cir. 1991)[Table].



In the § 2241 petition in the case at bar and in an attached memorandum, petitioner contends that his sentence is in violation of Amendment 645 to the Sentencing Guidelines. This amendment was effective on November 1, 2002, more than a year after the Fourth Circuit decided the appeal in petitioner's § 2255 action. Petitioner previously filed a motion raising this issue on May 2, 2003 under the docket number for his criminal case, citing 18 U.S.C. § 3582(c)(2). However, in an order filed on October 27, 2003, the United States District Court for the Western District of North Carolina noted that the "law of the case" doctrine from Petitioner's direct appeal precluded a grant of relief to the petitioner, even though two United States Courts of Appeals had ruled in favor of federal prisoners raising the same issue. The district court also noted that Amendment 645 is contrary to Fourth Circuit precedents and effects a substantive change in the operation of the Sentencing Guidelines in this circuit. As a result, the district court held that Amendment 645 is a substantive amendment and is not entitled to retroactive application. Petitioner's appeal of the District Court's decision was not successful. United States v. McHan, 386 F.3d 620, 2004 U.S. App. LEXIS® 22052 (4th Cir. 2004). Petitioner filed a motion for rehearing, but this motion was denied on December 17, 2004.



In an order filed in this case on October 3, 2005, the undersigned directed the petitioner to submit a Form AO 240 (motion to proceed *in forma pauperis*) or pay the five-dollar ($5) filing fee and answer Special Interrogatories. The petitioner has paid the five-dollar ($5) filing fee (Receipt No. SCX300011706) and has answered the Special Interrogatories (Entry No. 4). Petitioner's Answers to the Court's Special Interrogatories reveal that he has not sought leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition under 28 U.S.C. § 2255 because "Guideline Claims ordinarily are not Cognizable in §2255 proceedings[.]" (Attachment to Petitioner's Answers to Court's Special Interrogatories [Entry No. 4] [irregular capitalization in original]).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373, 1997 U.S.App. LEXIS® 22752 (2nd Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See* In re Dorsainvil, 119 F.3d 245, 249, 1997 U.S.App. LEXIS® 18963 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must



proceed under 28 U.S.C. § 2255." <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080, 1994 U.S.App. LEXIS® 159 (7th Cir.1994).

Since the petitioner here is seeking relief from his sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under § 2255, not § 2241.  *See* <u>United States v. Morehead</u>, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255.  Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." <u>United States v. Evans</u>, 224 F.3d 670, 672 (7th Cir. 2000).  In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1.  Therefore, this court must construe this motion as a § 2255 motion.

<u>United States v. Morehead</u>, <u>supra</u>.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus,



> prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

United States v. Lloyd, 398 F.3d 978, 979-980, 2005 U.S.App. LEXIS® 3429 (7th Cir. 2005).  *See also* United States v. Winestock, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003).

Petitioner's attention is also directed to the decisions of the United States Court of Appeals for the Fourth Circuit in United States v. Sanders, 247 F.3d 139, 2001 U.S.App. LEXIS® 6258 (4th Cir. 2001), *cert. denied*, Sanders v. United States, 534 U.S. 1042, 151 L.Ed.2d 445, 122 S.Ct. 573, 2001 U.S. LEXIS®



10543 (2001); and San-Miguel v. Dove, 291 F.3d 257, 2002 U.S.App. LEXIS® 9581 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002), both of which raised claims under Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363, 2000 U.S. LEXIS® 4304 (2000). In Sanders, the Court of Appeals held that the new rule in Apprendi v. New Jersey was not applicable to cases on collateral review, while in San-Miguel, the Court of Appeals upheld the lower court's summary dismissal of a § 2241 action raising Apprendi claims. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254.[3] As the claims raised by the petitioner relate to his sentence, his claims are not cognizable under 28 U.S.C. § 2241 under the holdings in San Miguel and Sanders.

Since the United States Court of Appeals for the Fourth Circuit has twice rejected the petitioner's claims relating to Amendment 645, the above-captioned

---

[3]A "collateral attack" upon a state or federal conviction usually refers to an application for post-conviction relief or a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241, or a motion or action brought under 28 U.S.C. § 2255. The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his or her trial (or guilty plea proceeding) than he or she confronts in a direct appeal. *See* Engle v. Isaac, 456 U.S. 107, 134-135 (1982).



case is controlled by In Re Vial, 115 F.3d 1192, 1194-1198, 1997 U.S.App. LEXIS® 14166 (4th Cir. 1997)(*en banc*), where the Fourth Circuit ruled that a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. In Vial, the Court of Appeals specifically ruled that a state or federal prisoner hoping to benefit from a recent United States Supreme Court decision which allegedly resulted in a change of law affecting his conviction or sentence must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. The Court in Vial declined to apply retroactively a new case raised by a petitioner in his post-conviction relief motion because: (1) the case did not create new "constitutional" law; and (2) in any event, the opinion petitioner sought to apply in collaterally attacking his conviction had not been explicitly made retroactive to cases for post-conviction relief by the United States Supreme Court. 115 F.3d at 1196-1197. Although the above-captioned case concerns an amendment to the Sentencing Guidelines, not a decision of the Supreme Court of the United States, the rationale of Vial is applicable to the above-captioned case.

Further, the fact that the petitioner may be precluded from raising his Amendment 645 claims in a § 2255 petition does not render a § 2255 petition



inadequate or ineffective. Phillips v. Jeter, 2005 U.S.Dist. LEXIS® 2939, 2005 WESTLAW® 465160, *1-*2 (N.D.Texas, February 25, 2005)(magistrate judge's Report and Recommendation). *Compare* In Re Vial, supra, *with* United States v. Collins, 401 F.3d 212, 220-222, 2005 U.S.App. LEXIS® 3503 (4th Cir. 2005)(direct appeal; sentences vacated and case remanded because of Blakely and Booker violations). *Cf. also* United States v. Winestock, supra; and Rhodes v. Houston, 258 F. Supp. 546 (D. Neb. 1966).[4] Therefore, since the claims that

---

[4]The holding in United States v. Winestock is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in Rhodes v. Houston:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in In re Potts, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
> > 'When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. Ex parte Story, 12 Pet. 339 (9 L.Ed. 1108); Southard v. Russell, 16 How. 547, (14 L.Ed. 1052); Ex parte Dubuque & P.R. Co., 1 Wall. 69, (17 L.Ed. 514); Stewart v. Salamon, 97 U.S. 361, (24 L.Ed. 1044; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in Southard v. Russell, above cited, said: 'Nor will a bill of review lie in the case of newly discovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for

(continued...)



petitioner seeks to raise in the above-captioned case are cognizable, if at all, under § 2255, his available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[5] The mailing

---

(...continued)
> the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

Rhodes v. Houston, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

[5]See Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would

(continued...)



address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1110 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

---

(...continued)

> be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Although the statute quoted above, facially, applies to petitions under 28 U.S.C. § 2254, the final paragraph of 28 U.S.C. § 2255 makes it applicable to actions under 28 U.S.C. § 2255.



Finally, the undersigned notes that petitioner, in the alternative, seeks a writ of error *coram nobis*. The writ of *coram nobis* has been abolished in federal *civil* practice. See Rule 60(b) of the Federal Rules of Civil Procedure. Although some federal courts have ruled that petitions for writs of *coram nobis* may still be heard, petitioners in such cases must have completed their federal sentences or extraordinary circumstances must exist. See United States v. Hansen, 906 F. Supp. 688, 1995 U.S.Dist. LEXIS® 18511 (D.D.C. 1995); and United States v. Mandel, 672 F. Supp. 864, 1987 U.S.Dist. LEXIS® 10748 (D.Md. 1987), *affirmed*, 862 F.2d 1067, 1988 U.S.App. LEXIS® 16573 (4th Cir. 1988), *cert. denied*, 491 U.S. 906, 1989 U.S. LEXIS® 3090 (1989). No extraordinary circumstances exist for the petitioner in the above-captioned case. Similarly, the styling of the petition as a petition for writ of error *coram nobis* does not entitle the petitioner to relief. See Brackett v. United States, 206 F.Supp.2d 183, 186-187, 2002 U.S.Dist. LEXIS® 10790 (D.Mass. 2002)(denying federal prisoner's motion for writ of *coram nobis* and motion for writ of *audita querela*: "As Section 2255 would be competent to redress Brackett's grievances had he met its time limits, the Court lacks the power to issue either the writ of error *coram nobis* or *audita querela*.").[6]  See also Fed. R. Civ. P. 60(b)("Writs of coram nobis, coram

---

[6]*Audita querela* is a common law writ for an action brought by a judgment defendant
(continued...)



14

vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").[7]

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter

---

(...continued)
(in a civil or criminal case) to obtain relief from the judgment on account of a matter of defense or discharge arising since the judgment.

[7]In any event, the petitioner has filed his petition for a writ of *coram nobis* in the wrong court. A petition for writ of *coram nobis* is to be filed in the court in which the judgment was rendered. See Black's Law Dictionary (5th edition, © 1979, West Publishing Co.), at page 1444; Lowery v. McCaughtry, 954 F.2d 422, 423, 1992 U.S.App. LEXIS® 482 (7th Cir.), *cert. denied*, 506 U.S. 834, 1992 U.S. LEXIS® 5812 (1992); and Mosbarger v. Superior Court of Contra Costa, 1995 WESTLAW® 743721, n. 2 [no LEXIS® citation available] (N.D.Cal., December 8, 1995). Hence, the petitioner should file his petition for a writ of error *coram nobis* in the United States District for the Western District of North Carolina.



an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Columbia, South Carolina
October 26, 2005

Bristow Marchant
United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

17

